IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DEVONTA D. HENDERSON | § | |
| v. | § | Civil Action No. 5:24cv24-RWS-JBB |
| BOWIE COUNTY JAIL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Davonta D. Henderson, an inmate of the Bowie County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On February 27, 2024, Plaintiff was ordered to pay, within thirty days, an initial partial filing fee of $30.00 or show good cause why he could not do so, in accordance with 28 U.S.C. §1915(b).[1] Dkt. No. 4. Plaintiff acknowledged receipt of the order on February 29, 2024. Dkt. No. 6. To date, Plaintiff has not complied with this order, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff's failure to pay the initial partial filing fee or show good cause for the failure to do so is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). The imposition of fines and costs is not appropriate given the status and nature of this case. Plaintiff alleges false imprisonment, harassment,

---

[1] Plaintiff was also ordered to file, within thirty days, a short and plain statement setting forth Plaintiff's claims, on a standard §1983 lawsuit form. Dkt. No. 5. Plaintiff's amended complaint was filed March 12, 2024. Dkt. No. 7.

and unlawful arrest claims against the Bowie County Sheriff's Office and Officer Aaron Lewis, stemming from his arrest on September 9, 2023, as well as claims of ineffective counsel against the Bowie County Public Defender's Office. Dkt. No. 7 at 6-7. He also alleges a violation of the Eighth Amendment based on the alleged unsanitary conditions at the Bowie County Jail. *Id.* at 6. The conditions complained of at the jail appear to be on-going, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice. It is accordingly

**RECOMMENDED** that the above-styled civil action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.

## Objections

Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of July, 2024.

2

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE